IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARD ISLE CORPORATION,

    Plaintiff,

      v.

EDIBLE ARRANGEMENTS, LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-1971-TWT

**OPINION AND ORDER**

This is a breach of contract case. It is before the Court on the Plaintiff's Motion for Clarification or, in the Alternative, Motion for Reconsideration [Doc. 184]. As explained below, the Motion is GRANTED as to the request for clarification and DENIED as to the request for reconsideration.

I.    **Background**

This case arises out of the alleged theft of intellectual property owned by the Plaintiff Card Isle Corporation. In the Opinion and Order issued on August 30, 2023 ("Order"), the Court granted summary judgment in part to the Defendants[1] and denied the Plaintiff's Motion for Partial Summary Judgment. Card Isle now seeks clarification about the reach of the Order and—depending on the how the Court answers—moves for reconsideration.

---

[1] The Defendants at the time of the Order were Tariq Farid, Edible Arrangements, LLC, and Netsolace, Inc. Based on the Court's rulings in the Order, Farid is no longer a defendant in the litigation.

## II.  Legal Standard

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice. Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." LR 7.2(E), NDGa. In particular, a party may move for reconsideration when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). A manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Durden v. State Farm Fire & Cas. Co.*, 2017 WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017) (citation omitted). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

III.  Discussion

Card Isle seeks clarification about three issues. First, it points out that there is a discrepancy in the Order as to whether the Court granted Card Isle's Motion for Partial Summary Judgment in part. (Pl.'s Br. in Supp. of Mot. for Clarification and Recons., at 4 n. 2). Second, Card Isle inquires into whether the Court ruled that Card Isle cannot seek lost profits for its reverse engineering claim. (*Id.* at 4-7). If so, Card Isle moves for reconsideration on that issue. (*Id.* at 7-9). Finally, it seeks clarification on whether the Court implicitly granted Card Isle's Motion to Unseal. (*Id.* at 10).

With respect to the last issue, the Court granted Card Isle's Motion to Unseal after the briefing on the present motion was filed. (Doc. 188). Therefore, no further clarification is needed on that issue. As to Card Isle's Motion for Partial Summary Judgment, the Court denied the Motion in full, as the Order states in the opening and closing paragraphs. The Court acknowledges that it made a typographical error when it stated in a footnote: "Card Isle also moves for summary judgment on its contract claim under the Rollout Provision, which the Court grants for the reasons stated above." (Order, at 52 n. 12). In the discussion referenced in that footnote, the Court denied the Defendants' Motion for Summary Judgment on that issue because "there [was] a genuine issue of material fact as to whether Card Isle caused the failure to meet the rollout milestones." (*Id.* at 48). Since the Court ruled there was a genuine issue of material fact, summary judgment was inappropriate for either party. Thus,

3

the footnote should have stated that Card Isle's Motion for Partial Summary Judgment was denied for the reasons previously stated.

Turning to the issue of lost profits, Card Isle contends that the Order should be read to bar recovery of lost profits for the rollout provision claim but not the reverse engineering claim. (Pl.'s Br. in Supp. of Mot. for Clarification and Recons., at 7). That is not what the Court ruled. The Court addressed the issue of lost profits in two paragraphs. (Doc. 182, at 49-50). The first sentence of the first paragraph indicated that the Court's discussion involved all of the contract claims. It stated: "The Defendants close their summary judgment motion by arguing that Card Isle cannot recover damages for lost profits *on its contract claims.*" (*Id.* at 49) (emphasis added). The Court then agreed with the Defendants and concluded that Card Isle's lost profits could not be solely traced to an alleged breach of contract. (*Id.* at 50). In doing so, the Court did not state that it agreed with the Defendant only insofar as it related to the rollback provision. Instead, the Court intended the ruling to extend to all of Card Isle's breach of contract claims.

Accordingly, the Court will address Card Isle's Motion for Reconsideration. Card Isle does not seek reconsideration based on newly discovered evidence or an intervening change in law. (*See* Pl.'s Br. in Supp. of Mot. for Clarification and Recons., at 7-8). Rather, Card Isle asserts that the Court's ruling on lost profits is clear error and needs to be reconsidered to prevent manifest injustice. (*Id.* at 8). The Court disagrees.

4

For starters, Card Isle simply recycles from its summary judgment brief by arguing that the evidence it presented was sufficient to show that the Defendants deprived Card Isle of profits Card Isle would have made but for the breaches. *Compare* (Pl.'s Br. in Supp. of Mot. for Clarification and Recons., at 8) ("As demonstrated by undisputed record evidence, due to Edible's breaches of contractual provisions prohibiting Edible from misusing Card Isle's intellectual property, Edible deprived Card Isle of profits Card Isle would have made but for the breaches.") *with* (Pl.'s Br. in Opp'n to Mot. for Summ. J., Doc. 149, at 51) ("Edible argues that there is no causal link between the breaches and Card Isle's damages, but ignores the fact that but for Edible's breaches of contract, Card Isle would have made profits on additional sales of its products and services."). The argument is therefore inappropriate on a motion for reconsideration. *See Blue Mountain Holdings Ltd. V. Bliss Nutraceticals, LLC*, 2022 WL 4130752, at *2 (N.D. Ga. Sept. 12, 2022).

Even considering its recycled arguments, Card Isle has failed to show any clear error in the Order. The Court's ruling was a straightforward application of O.C.G.A. § 13-6-8, a statute which Card Isle conspicuously ignores in its briefing. Instead, Card Isle points to caselaw for various inconclusive propositions. First, Card Isle cites to several cases which found lost profits to be recoverable in breach of contract actions. (Pl.'s Br. in Supp. of Mot. for Clarification and Recons., at 5, 8) (citing *Holiday Hosp. Franchising, LLC v. J&W Lodging, LLC*, 2020 WL 6334802 at *11 (N.D. Ga. Sept. 16, 2020);

5

*Elavon, Inc. v. Wachovia Bank, Nat'l Ass'n*, 841 F. Supp. 2d 1298, 1312 (N.D. Ga. 2011); *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370 (4th Cir. 2017)). Yet, none of these cases established a bright line rule that lost profits are always recoverable in breach of contract claims;[2] rather their holdings depended on the specific basis for seeking lost profits. As explained in the Order, Card Isle's basis for seeking lost profits is not permitted under O.C.G.A. § 13-6-8.

Nor does *Sussman Sales Co., Inc. v. VWR Int'l, LLC*, 2021 WL 6065760 (S.D.N.Y. Dec. 21, 2021), provide support for Card Isle's position. While the court there did grant reconsideration and allow the plaintiff to seek lost profits, the court did so because it previously believed that the plaintiff had abandoned the claim when it had not. *Id.* at *4-5. Here, the Court did not find abandonment and instead ruled on the merits of the issue in the Order. Therefore, *Sussman* is inapposite here.

Next, Card Isle cites to *Williams v. State Farm Fire and Cas. Co.*, 2023 WL 3296156, at *11 (S.D. Ala. May 5, 2023), for the proposition that the issue of lost profits should be decided by the finder of fact. (Pl.'s Br. in Supp. of Mot. for Clarification and Recons., at 8). However, that case did not involve lost profits and simply made the unremarkable conclusion that summary judgment

---

[2] In fact, as the Defendants point out, "[i]n general, lost profits are not recoverable as contract damages because of their speculative, remote, and uncertain nature." *Mkt. Place Shopping Ctr., L.P. v. Basic Bus. Alts., Inc.*, 227 Ga. App. 419, 421 (1997) (citations omitted).

was improper when there was a genuine issue of material fact. *Williams*, 2023 WL 3296156, at *11. Because it did not implicate O.C.G.A. § 13-6-8 or any other rules about when lost profits may be recovered, *see AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1370-71 (11th Cir. 2021), *Williams* is of little relevance here.

Finally, Card Isle asserts that the Court's ruling renders the reverse engineering provision meaningless. (Pl.'s Br. in Supp. of Mot. for Clarification and Recons., at 9) (citing *Milliken & Co. v. Ga. Power Co.*, 354 Ga. App. 98, 100 (2020)). However, the cited discussion in *Milliken* was about construing contract terms to avoid superfluous language. In its Order, the Court did not interpret the terms of the contract to prohibit recovering lost profits. It looked at the evidence before it, applied state law, and concluded that Card Isle's claim for lost profits did not satisfy the requirements of O.C.G.A. § 13-6-8. Nothing in *Milliken* suggests that state law cannot limit what types of damages can be recovered in breach of contract claims.

All in all, Card Isle has failed to show clear error by the Court and is instead "repackage[ing] familiar arguments to test whether the Court will change its mind." *Brogdon*, 103 F. Supp. 2d at 1338. Thus, reconsideration is improper. Card Isle may still seek nominal damages for the reverse engineering claim.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Clarification or, in the Alternative, Motion for Reconsideration [Doc. 184] is GRANTED as to the request for clarification and DENIED as to the request for reconsideration.

SO ORDERED, this <u>  24th  </u> day of April, 2024.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge